## RUGGLES et al. v. MONTGOMERY.

No. 15877—Opinion Filed Oct. 28, 1924.

(Syllabus.)

1. **Elections—Primary Elections—Recount of Votes—Time for Demand.**

   To entitle a candidate to have made a recount of the ballots cast in a primary election, he must make demand for same in accordance with the provisions of section 6107, Comp. Stat. 1921, and such demand must be filed with the county election board before it becomes **functus officio** as to such primary election.

2. **Same—State Office—When County Election Board Becomes Functus Officio.**

   A county election board becomes **functus officio**, so as to lose jurisdiction to thereafter receive and proceed under a demand for a recount of the ballots cast for the nomination of state officers in a primary election, when, having done all things required of it by law as a condition precedent thereto, it has certified the result thereof to the State Election Board.

3. **Same—County Offices.**

   A county election board becomes **functus officio**, so as to lose jurisdiction to thereafter receive and proceed under a demand for a recount of the ballots cast for the nomination of county officers in a primary election, when it has done all things required of it by law for the determination and certification of the nominees for all such offices appearing upon the county ballot who are entitled to have their names as such nominees appear upon the ballot in the general election.

4. **Elections—Primary Elections—Right of Independent Candidate to Vote in Party as Registered.**

   The mere fact alone that a duly qualified and registered elector is an independent candidate for a county office does not preclude him from the right to vote in the primary election of the party of which he is a registered voter.

Error from District Court, Cotton County; A. S. Wells, Judge.

Action by R. E. Montgomery against W. A. Ruggles, Jr., and the county election board. Judgment for plaintiff, and defendant brings error. Affirmed.

W. C. Stevens, W. A. Ruggles, Sr., and Marion J. Northcutt, for plaintiff in error.

H. W. Sitton and J. W. Brooks, for defendant in error.

LYDICK. J. This is a civil action in the nature of quo warranto brought originally in the district court of Cotton county, under the provisions of sections 458, 459, and 6123, Comp. Stat. 1921. It was instituted by R. E. Montgomery, as plaintiff, against W. A. Ruggles, as defendant, to try the title of W. A. Ruggles to the nomination of the Democratic party for the office of county clerk of Cotton county, and which nomination was claimed by the said W. A. Ruggles as a result of the primary election held in that county on August 5, 1924. The lower court decided the issues in favor of the plaintiff, Montgomery, declaring him to be the nominee, and the defendant, Ruggles, appeals. We will refer to the parties according to the position they occupied in the lower court.

It appears that upon the face of the returns certified to the county election board by the precinct boards, the defendant, Ruggles, had received a majority of the votes and was entitled to such certificate of nomination. The plaintiff, Montgomery, thereupon, filed with the county election board "a verified statement setting forth a state of facts which, if true, would change the result in his favor," as provided in section 6107, Comp. Stat. 1921, and demanded a recount of the ballots. The ballots were recounted, and upon such recount as made and determined by the county election board the plaintiff, Montgomery, and the defendant, Ruggles, were each given 1,394 votes. In said recount the county election board refused to count the ballot of one J. K. McKenzey, who had cast his ballot for the plaintiff, Montgomery. It appears that McKenzey was a duly registered and qualified voter and entitled to cast his ballot in such primary election, unless he lost his right so to do by reason of the fact that in such primary election he was an independent candidate for the office of sheriff of such county, as authorized by statute, and this fact, the defendant contends, rendered McKenzey ineligible to so vote.

Section 6107, supra, authorizing a recount of the ballots, does not limit the time within which the demand for such recount may be filed. It follows, therefore, that such demand may be properly made at any time before the county election board becomes functus officio as to the election in which were cast the ballots which it is sought to have recounted. Such board becomes functus officio when it has done all things required of it by law, as provided by law, and certified the result and ends its labors. In such election both state and county officers are nominated. The ballots are separate and cast into separate ballot boxes; the same are separately canvassed and certified, and, for all practical purposes to be considered in connection with an action like this, are very similar to two distinct and separate elections. The county election board becomes functus officio as to its canvass and certification of the result of the primary election in its county for the nomination of state officers when, having done all things required by law as a condition precedent thereto, it has certified the result of such election to the State Election Board. See Jarman v. Mason, decided Sept. 16, 1924, 102 Okla. 278, 229 Pac. 459. The county election board becomes functus officio as to its canvass and certification of the result of the primary election for the nomination of officers whose names appear upon the so-called county ballot when it has done all things required of it by law in relation thereto and has adjourned. This includes the determination of the result of such primary election as to all such candidates, the making of recounts when same have been demanded, the receiving of the expense accounts of such candidates, as required by chapter 40, Comp. Stat. 1921, and the issuance thereupon to the successful nominees of certificates of nomination, or the entry upon its records of its final determination showing the names of the candidates for all of said offices who have received the requisite number of votes which entitles them to such nomination and that they have otherwise complied with the requirements of the law and are entitled to have their names appear upon the ballots in the general election as such nominees. When the county board, as to all candidates whose names appear upon the county ballot, has done all these things, there is nothing left to do but adjourn, and having thus adjourned, it then become functus officio as to such county election. Until the county election board has thus become functus officio, it has control over its decisions and orders made during the course of the canvassing of such returns and may set aside and reverse same and decide all such matters anew. Once becoming functus officio, it is then lawfully dead, and cannot re-assemble for further consideration of such election or for the purpose of receiving or acting upon a demand for a recount of the ballots cast in said election thereafter filed with it. The demand in this case for a recount of the ballots was filed within the proper time and the recount was lawfully had.

The right to vote in a primary election is fixed by the Constitution and the statutes of the state. J. K. McKenzey possessed all the qualifications of an elector required either by the organic or statutory law, and being duly registered as a Democrat, was entitled to cast his vote in the Democratic primary, and for the plaintiff in this case, as he did. There are statutory limitations and restrictions upon the right of an elector to register as a member of a political party. See sections 6252, 6256, Comp. Stat. 1921. There are certain other statutory provisions for the cancellation of such certificate of registration erroneously issued. See section 6259, Comp. Stat. 1921. Upon proper challenge the elector may not vote unless complying with section 6261, Comp. Stat. 1921. None of these statutes are involved here. The fact that McKenzey was an independent candidate for sheriff does not work a disqualification of his right to cast his ballot in the party of which his registration certificate showed him to be a member, unless the Constitution or the statutes of the state so provide, and they do not so provide. The lower court properly ordered his ballot counted for the plaintiff. This gave the plaintiff 1395 votes and the defendant 1394 votes and entitled the plaintiff to the title to the nomination which he sought. With this result it is not necessary for us to pass on the question raised concerning the ballots cast by absentee voters. The judgment of the lower court is affirmed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, BRANSON, and GORDON, JJ., concur.